Arthur Patrick O'HARA, Plaintiff,

v.

The LONG ISLAND RAILROAD COMPANY, Defendant.

No. CV 80–0419.

United States District Court, E. D. New York.

May 15, 1981.

Bromsen, Altier & Wayne, New York City, for plaintiff.

Thomas M. Taranto by J. Dennis McGrath, Jamaica, N.Y., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Plaintiff originally brought this action claiming injuries under the Federal Employers' Liability Act (FELA) for two separate accidents occurring on October 8, 1979 and January 28, 1980.

Several months later the court granted plaintiff leave to add a third cause of action seeking damages for still a third accident claimed to have occurred on September 3, 1980. The action came on for trial on March 11, 1981. At the end of the evidence on the liability phase of the trial the court dismissed the second cause of action based on alleged negligence of the railroad on January 28, 1980. The other two claims relating to hand brake accidents were submitted to the jury for determination on special verdicts.

While the jury was still deliberating, the parties reached a settlement of the hand brake claims and placed on the record the stipulation of settlement and discontinuance of those claims.

The settlement was not intended to resolve the parties' dispute with respect to plaintiff's claimed accident of January 28, 1980 in which he claimed that while travelling on one of defendant's cars the train lurched sideways, he caught his foot in a missing tile on the floor, fell and broke his finger. The parties agreed that the court would enter judgment with respect to the January 28, 1980 accident dismissing the claim based upon the court's having granted the defendant's motion at the close of the evidence. By memorandum and order dated March 13, 1981 the clerk was directed to enter judgment. On March 19, 1981 judgment was entered dismissing the claim for the accident of January 28, 1980 without costs.

By notice of motion dated March 20, 1981 plaintiff moved for reconsideration of the dismissal of the claim with respect to the January 28, 1980 accident. Plaintiff's attorney states by letter dated April 20, 1981

that he personally filed the motion papers in the clerk's office on March 23, 1981. Apparently the clerk mislaid the papers, for they were not docketed until April 10, 1981. When he inquired as to the fate of his motion, plaintiff's attorney learned of the problem with respect to the papers and forthwith filed his notice of appeal in order to protect his client's rights. The motion papers were then found and forwarded to the undersigned for appropriate disposition. Answering papers were filed on April 30, 1981 and the motion was submitted as of May 6, 1981.

While there may be some question as to whether this court still has jurisdiction over the action in view of plaintiff's having filed his notice of appeal, this court has nonetheless entertained the motion on its merits, and having reconsidered the arguments and evidence that were before the court with respect to the January 28, 1980 accident, the court adheres to its original view that there was insufficient evidence before the court from which the jury could have inferred negligence of the railroad in failing to provide a safe place to work. The court ignores the inherent incredibility of plaintiff's catching his foot in the space left by a missing floor tile which has a thickness of approximately one-eighth of an inch. Assuming the truth of plaintiff's testimony, the court finds no evidence whatsoever that the railroad had any notice of a loose or missing tile. Moreover, the evidence clearly showed that the operation of the train through the temporary track was in accordance with railroad standards and was within the proper limits established for speed at that location. Plaintiff made no attempt to prove the contrary.

Accordingly, plaintiff's motion for reconsideration is granted and upon reconsideration, the court adheres to its original determination that there was insufficient evidence to warrant the presentation of plaintiff's claim based upon the January 28, 1980 accident to the jury.

SO ORDERED.